UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JAMES DARREN EASTRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00096-SEB-DML |
| | ) | |
| RHN CLARK MEMORIAL HOSPITAL, et al. | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PENDING MOTIONS**

Plaintiff James Darren Eastridge, a prisoner proceeding *pro se*, filed his complaint on May 6, 2019, pursuant to 42 U.S.C. § 1983, alleging that he was seized and detained for mental-health purposes for up to eight days without court order. Mr. Eastridge further alleges that an officer of the Sellersburg, Indiana, police department, acting without a court order, ordered Defendant Joel P. Velasco, M.D. to administer an antipsychotic medication to him and that Dr. Velasco acquiesced in the officer's order. We understand him to claim that these actions violated his rights under the Fourteenth Amendment to the United States Constitution.[1]

---

[1] Mr. Eastridge filed his complaint in this action on May 6, 2019, alleging a medical malpractice claim against RHN Clark Memorial Hospital and Dr. Velasco. We screened Mr. Eastridge's complaint pursuant to 28 U.S.C. § 1915 and ordered service on Defendants on grounds that his allegations of having been seized and detained for mental-health purposes for up to eight days without court order and administered an antipsychotic medication against his will plausibly stated a claim for relief under the Due Process Clause of the Fourteenth Amendment even though he had not alleged such a claim by name in his complaint. Upon subsequent motion by Defendants, we dismissed Mr. Eastridge's medical malpractice claim. Accordingly, the only remaining claim in this litigation is the due process claim.

1

Now before the Court are Plaintiff's Motion to Immediate Statement of Facts [Dkt. 28], Defendant RHN Clark Memorial Hospital's Motion to Dismiss for Lack of Jurisdiction [Dkt. 31] and Second Motion for Default Judgment [Dkt. 45], and Defendant Velasco's Second Motion for Summary Judgment [Dkt. 35] and Motion to Enter Judgment on Defendant's Motion for Summary Judgment [Dkt. 46]. No responses have been filed to any of these motions. For the reasons detailed below, we <u>GRANT</u> Defendant RHN Clark Memorial Hospital's Motion to Dismiss for Lack of Jurisdiction and Defendant Velasco's Second Motion for Summary Judgment. All remaining motions are <u>DENIED AS MOOT</u>.

## I.  Defendant RHN Clark Memorial Hospital's Motion to Dismiss

Defendant RHN Clark Memorial Hospital argues that Mr. Eastridge's complaint against it must be dismissed on grounds that he has not properly alleged that the conduct he challenges was attributable to a state actor as required to state a claim under § 1983 and there is no other basis for federal jurisdiction. Mr. Eastridge has not responded to this motion.

### A. Rule 12(b)(1) Standard

The Federal Rules of Civil Procedure command courts to dismiss any suit over which they lack subject matter jurisdiction. *See* Fed. R. Civ. P 12(b)(1). In ruling on a motion to dismiss under Rule 12(b)(1), we "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002) (citing *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001)). We may,

however, "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993); *accord Estate of Eiteljorg ex rel. Eiteljorg v. Eiteljorg*, 813 F. Supp. 2d 1069, 1074 (S.D. Ind. 2011).

An additional consideration informs our review here. Because Mr. Eastridge filed his complaint *pro se*, without the assistance of counsel, we construe its contents with still greater liberality than that normally afforded to plaintiffs. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (citing *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998)).

**B.     Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the challenged conduct was attributable to a person acting under color of state law and that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or other laws of the United States. Where, as here, a plaintiff brings a claim against a defendant who is not a government official or employee, "the plaintiff must show that the private entity acted under the color of state law." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009).

Here, the only allegations Mr. Eastridge has made specifically against RHN Clark Memorial Hospital are that it detained him pursuant to an emergency mental health inquest and held him against his will for up to eight days. Even accepting these allegations as true, as we are required to do at the motion to dismiss stage, such actions, when taken by a private hospital, do not constitute state action. Indeed, the Seventh

Circuit has held that pursuing detention and commitment proceedings, without more, does not make an individual a state actor. *Spencer v. Lee*, 864 F.2d 1376, 1377 (7th Cir. 1989) (*en banc*) ("Do a private physician and a private hospital act under color of state law, and therefore lay themselves open to suit under 42 U.S.C. § 1983, when they commit a mentally disturbed person? … [W]e hold they do not."); *de Vryer v. Maryville Acad.*, 544 Fed. App'x 653, 654 (7th Cir. 2013) ("Private facilities and their employees do not engage in state action by virtue of their participation in this [civil commitment] process. … Nor do private actors engage in state action when police assist in a lawful commitment."). As a result, Mr. Eastridge has failed to state a claim under Section 1983 against RHN Clark Memorial Hospital and there is no other basis for federal jurisdiction. Accordingly, we GRANT Defendant RHN Clark Memorial Hospital's motion to dismiss for lack of jurisdiction.

## II. Defendant Dr. Joel Velasco's Motion for Summary Judgment

Dr. Velasco has moved for summary judgment on the same grounds as RHN Clark Memorial Hospital has sought dismissal, to wit, that he is not a state actor and therefore cannot be sued under § 1983. For the reasons detailed below, we agree that Dr. Velasco is entitled to summary judgment in this matter.

### A. Summary Judgment Standard

Summary judgment is appropriate where there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must grant a motion for summary judgment if it appears that no reasonable trier of fact could find in favor of the

nonmovant on the basis of the designated admissible evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). We neither weigh the evidence nor evaluate the credibility of witnesses, *id.* at 255, but view the facts and the reasonable inferences flowing from them in the light most favorable to the nonmovant. *McConnell v. McKillip*, 573 F. Supp. 2d 1090, 1097 (S.D. Ind. 2008).

As noted above, Mr. Eastridge has failed to respond to Dr. Velasco's motion for summary judgment, and, while the Court liberally construes *pro se* pleadings, a plaintiff's *pro se* status does not excuse him from complying with procedural rules. *Milton v. Slota*, 697 Fed. App'x 462, 464 (7th Cir. Sept. 25, 2017). "[A] nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1, does not, of course, automatically result in judgment for the movant … [who] must still demonstrate that [he] is entitled to judgment as a matter of law." *Keeton v. Morningstar Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (quotation marks and internal citations omitted). However, Mr. Eastridge's failure to respond to Dr. Velasco's Rule 56.1 factual statement means that the factual assertions stated therein, if supported by the record, are deemed true. *See Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017).

**B. Factual Background**

Mr. Eastridge was admitted to the behavioral Services Unit of Clark Memorial Hospital as a "Direct Admit" on July 10, 2017, pursuant to a 72-hour hold ordered by Judge Andrew Adams of the Clark Circuit Court. Exh. 1; Exh. 2. Mr. Eastridge has a history of suffering from bipolar disease and paranoia, and, at the time of his admittance, was determined to be delusional and paranoid. He was medically screened by Dr. Ismail

5

from Lifespring Health Systems who confirmed that Mr. Eastridge met the criteria for admission.  Exh. 2; Exh. 3.  Mr. Eastridge signed a Consent for Services and Financial Responsibility Form consenting to, among other things, "any hospital services that are appropriate for my care and as ordered by my physician(s)."  Exh. 4.  Court documents show that, at the conclusion of Mr. Eastridge's 72-hour hold, on July 13, 2017, he elected to continue treatment on a voluntary basis.  Exh. 5.  He was discharged from care on July 18, 2017.  Exh. 6.

Dr. Velasco was the attending physician during Mr. Eastridge's hospital stay.  Dr. Velasco first met with Mr. Eastridge on July 11, 2017.  Dr. Velasco noted that Mr. Eastridge had a prior psychiatric admission for similar issues, but, although he had been discharged on that previous occasion with medications and instructions for follow up, Mr. Eastridge neither took the prescribed medication nor sought follow up care following that hospital stay.  According to Dr. Velasco, because Mr. Eastridge was not on any medication for his psychiatric disorder at the time of his examination, Dr. Velasco's plan was to start him on medication and monitor him for compliance and response.  He also planned for Mr. Eastridge to participate in group therapies and activities while hospitalized.  Exh. 7.

Dr. Velasco next met with Mr. Eastridge on July 12, 2017.  On that date, Dr. Velasco noted that Mr. Eastridge was compliant with his medications but continued to exhibit poor judgment and insight and suffer paranoid thoughts.  Exh. 8.  The following day, on July 13, 2017, Dr. Velasco noted that Mr. Eastridge exhibited reduced paranoia with fair judgment and insight and continued to be compliant with his medication with no

adverse side effects.  Later that day, Emma Bobbitt, LSW, a Behavioral Health Therapist at Clark Memorial Hospital advised the Clark Circuit Court that Mr. Eastridge had elected to continue treatment on a voluntary basis and no further court proceedings were at that time recommended.  Exh. 5.

On July 14, 2017, Dr. Velasco again saw Mr. Eastridge.  Upon examination, Mr. Eastridge exhibited a more stable mood with reduced paranoia, fair judgment and fair insight, and was compliant with his prescribed medications with no adverse effects.  Dr. Velasco's treatment plan was to continue the medications Mr. Eastridge was already prescribed and to consider prescribing "depot meds."  Exh. 10.  That same day, Dr. Velasco ordered an initial injection of 234 mg of Free Paliperidone (Invega Sustenna). Exh. 11.  A few days later, during Mr. Eastridge's Recreational Therapy session on July 17, 2017, he commented that he was grateful for the option of a monthly shot and expressed a desire to get back into physical shape.  Exh. 12.

On the date of Mr. Eastridge's discharge, July 18, 2017, Dr. Velasco noted that Mr. Eastridge was feeling better with no overt psychosis and no paranoia.  Before discharge, Mr. Eastridge received a second injection of Invega Sustenna, this time being administered a 156 mg dose.  Exh. 13.  Later that same day, Stacy Bishop, a therapist at Clark Memorial Hospital, advised the Clark Circuit Court that Dr. Velasco had examined Mr. Eastridge and determined that he no longer met the criteria for Temporary Commitment.  Exh. 14.  Mr. Eastridge was discharged with instructions to continue the Invega Sustenna 156 mg injections every four weeks, with the next dose due on August 18, 2017.  Exh. 15.

Mr. Eastridge filed his complaint in this action on May 6, 2019, alleging a medical malpractice claim against RHN Clark Memorial Hospital and Dr. Velasco based on allegations that he was seized and detained for mental-health purposes for up to eight days without a court order and that a police officer of the Sellersburg, Indiana, police department, "forced and manipulated" Dr. Velasco to administer to him the Invega Sustenna injections.[2] As noted above, we screened Mr. Eastridge's complaint pursuant to 28 U.S.C. § 1915 and ordered service on Defendants on grounds that Mr. Eastridge's allegations plausibly stated a claim for relief under the Due Process Clause of the Fourteenth Amendment even though he had not alleged such a claim by name in his complaint.

Upon subsequent motions by Defendants, on April 22, 2020, we dismissed Mr. Eastridge's medical malpractice claim, but declined to dismiss the entire case for lack of subject matter jurisdiction at that time because Defendants had failed to address in their submissions whether Mr. Eastridge had plausibly stated a Fourteenth Amendment claim that could serve as the basis for federal jurisdiction. However, recognizing that we could not litigate Mr. Eastridge's case for him, we instructed him to inform the Court whether he in fact intended to pursue a § 1983 claim.

On May 4, 2020, Mr. Eastridge responded in a fashion to our instruction, filing a pleading styled "Objection to Default Judgment or Summary Rulings by Defendants," in

---

[2] Mr. Eastridge's complaint also references claims for wrongful imprisonment, false statement, and false reporting against the Sellersburg Police Department, but did not name the Sellersburg Police Department as a defendant in this lawsuit.

which he listed three exhibits, referenced "14th Amendment 42 U.S.C. Sec. 1983," and demanded a jury trial. Dkt. 27. On May 13, 2020, Mr. Eastridge filed a submission titled "Motion to Immediate Statement of Facts" and attached a document from Humana indicating that he had been prescribed Invega Sustenna by Dr. Velasco for Diagnosis Code 117, or an "unspecified Psychotic Disorder," as well as a Receipt showing the cost per injection of the medication.

On June 17, 2020, Dr. Velasco filed his Second Motion for Summary Judgment [Dkt. 35], and then, on January 14, 2021, filed his Motion to Enter Judgment on Defendant's Motion for Summary Judgment [Dkt. 46]. Mr. Eastridge has not responded to either of these motions.

**C. Discussion**

We understand Mr. Eastridge to allege that he was improperly seized and detained and then medicated against his will by Dr. Velasco in violation of his Fourteenth Amendment due process rights. However, the undisputed evidence before us does not support these allegations. Rather, the evidence establishes that Mr. Eastridge was first admitted on a 72-hour hold pursuant to an emergency detention order signed by Judge Allen of the Clark Circuit Court as permitted under the involuntary commitment provisions of Indiana law[3] and that Dr. Velasco was not involved in any way in Mr.

---

[3] Indiana law allows the involuntary detention of a person in a facility for no more than seventy-two hours after filing a written application for detention with that facility containing a statement from a physician that, based on an examination or information given to the physician, the individual may be mentally ill and either dangerous or gravely disabled. *See* Ind. Code § 12-26-5-1(a); § 12-26-5-1(b)(2).

Eastridge's initial evaluation or the determination that the 72-hour hold was warranted. When he was admitted, Mr. Eastridge signed a Consent for Services authorizing all treatment he received while a patient at the hospital. Following the expiration of the 72-hour period, Mr. Eastridge then voluntarily chose to continue receiving treatment, which included the Invega Sustenna injection(s), until he was discharged on July 18, 2017. Because Mr. Eastridge has not responded to Dr. Velasco's summary judgment motion or placed before the Court any evidence contradicting these facts, they are deemed true and are dispositive in this case.

Mr. Eastridge's § 1983 claim against Dr. Velasco also cannot survive summary judgment because he has failed to establish that Dr. Velasco was acting under color of state law when he evaluated Mr. Eastridge or administered the Invega Sustenna injections. As explained above, to state a § 1983 claim, a plaintiff must allege that the challenged conduct was attributable to a person acting under color of state law and that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or other laws of the United States. Simply initiating and pursing detention and commitment proceedings and then providing the detained individual medical treatment does not make a private individual, like Dr. Velasco, a state actor. *See Spencer*, 864 F.2d at 1377; *see also Ridlen v. Fourt Cty. Counseling Ctr.*, 809 F. Supp. 1343, 1351 (N.D. Ind. 1992) (holding that a private physician and hospital were not state actors in receiving, treating, detaining, and discharging the plaintiff).

It is true that Mr. Eastridge alleges in his complaint that Dr. Velasco was coerced by an officer of the Sellersburg Police Department into administering the Invega

Sustenna injection. However, Mr. Eastridge failed to respond to Dr. Velasco's motion for summary judgment and thus has offered no facts or analysis sufficient to establish that such involvement by the state did in fact occur or that it was sufficient to render Dr. Velasco a state actor. At summary judgment, Mr. Eastridge may not rely solely on the allegations in his complaint to raise a genuine issue of material fact.

For these reasons, Mr. Eastridge's § 1983 claim against Dr. Velasco cannot survive summary judgment. Accordingly, Dr. Velasco's Second Motion for Summary Judgment is <u>GRANTED</u>.

### III. Conclusion

For the reasons detailed above, Defendant RHN Clark Memorial Hospital's Motion to Dismiss for Lack of Jurisdiction [Dkt. 31] and Defendant Velasco's Second Motion for Summary Judgment [Dkt. 35] are both <u>GRANTED</u>. All other pending motions [Dkts. 28, 45, and 46] are <u>DISMISSED AS MOOT</u>. Final judgment shall be entered accordingly.

IT IS SO ORDERED.

Date:  1/28/2021

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES DARREN EASTRIDGE
27502
CLARK COUNTY JAIL
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130

Tracy S. Prewitt
O'BRYAN BROWN & TONER
tprewitt@obtlaw.com

Derrick H. Wilson
MATTOX MATTOX & WILSON
dhw@mattoxwilson.com